UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUINCY JOSEPH GAUDET                             CIVIL ACTION

VERSUS                                          NO. 17-12139

WARDEN DUCOTE                                   SECTION "R"(2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

On October 16, 2017, petitioner Quincy Joseph Gaudet filed a federal habeas corpus petition in this court. He asserts the following grounds for relief: (1) The State failed to prove his guilt beyond a reasonable doubt. (2) The state trial court erroneously denied his motion to exclude evidence that had not been provided to him in discovery. (3) The state trial court erred in finding that he was a third offender. (4) His sentence was excessive. Record Doc. No. 1.

On December 22, 2017, the State filed its response in opposition to the petition in which it conceded that the four claims asserted in the petition had all been addressed by the Louisiana Supreme Court on direct appeal and that the claims had therefore been properly exhausted in the state courts. Record Doc. No. 7. Thus, the State's response addressed the merits of Gaudet's claims.

On December 26, 2017, Gaudet filed a motion to dismiss his petition voluntarily without prejudice.   Record Doc. No. 8.   In his motion, Gaudet states that he "inadvertently filed" his federal habeas corpus petition after his direct appeal was concluded.  Id. at p. 2.  He states that he is currently commencing proceedings in the state courts in which he seeks post-conviction relief on the additional grounds of ineffective assistance of his trial counsel and a due process violation, neither of which have been exhausted in the state courts.  Id. at p. 3.  He asserts that "dismissal of the [instant habeas] petition without prejudice would not unreasonably impair his right to obtain federal habeas relief as his state court filing will be timely and properly filed and there are no concerns about the AEDPA clock not being tolled pending the outcome of his state habeas action." Id.  Gaudet states that dismissal of his current habeas petition without prejudice will permit him to efficiently "present all claims in a single, unified federal habeas corpus petition after exhaustion." Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[1] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies

---

[1]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

to Gaudet's petition, which was filed on October 16, 2017. The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims have been adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the state's ordinary appellate review procedures.  O'Sullivan

v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

In addition, "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2), made applicable to this matter by Rule 12 of the Federal Rules Governing Section 2254 Cases.

In this case, petitioner himself has requested dismissal without prejudice, recognizing that the claims he seeks to litigate have not yet been exhausted in the state courts. His request is a prudent recognition that proceeding with his current petition without the unexhausted claims would result in a later federal habeas petition asserting those claims after exhaustion being subject to dismissal as "successive." 28 U.S.C. § 2244(b). Dismissal without prejudice to permit the later filing of a single, unified federal habeas petition would also advance the interests of judicial economy.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that petitioner Quincy Joseph Gaudet's motion to dismiss his petition without prejudice, Record Doc. No. 8 should be **GRANTED** and that his petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this _____2nd___ day of January, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.